# EXHIBIT 1

FILED

MAY 0 4 2021

Kim Morrison
Chelan County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CHELAN

NICOLE MARRA,

        Plaintiff,

v.

CCR-WENATCHEE III, LLC, a foreign
limited liability company; GERALD "JERRY"
RAMSEY and JANE DOE RAMSEY, a
married couple,

        Defendants.

Cause No.

21-2-00239-04

VERIFIED COMPLAINT

COMES NOW the Plaintiff, Nicole ('Nikki') Marra ("Plaintiff" or "Marra"), by and

through her attorneys, Paul S. Kube of Lacy Kane & Kube, P.S., who alleges and states:

## I.    PARTIES, JURISDICTION AND VENUE

1.1.    Plaintiff is a resident of Wenatchee, Chelan County, Washington.

1.2.    Defendant, CCR-Wenatchee II, LLC ("CCR"), is a foreign limited liability

company doing business in Wenatchee, Chelan County, Washington.  CCR has several radio

stations in the area, including KYSN, the Quake, the Bridge and KW3.

1.3.    Defendant Gerald "Jerry" Ramsey ("Defendant Ramsey"), upon information and

belief, is a resident of Austin, Texas.  The fictitious name "Jane Doe" Ramsey has been used to

VERIFIED COMPLAINT  - 1
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx



**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

join the martial community of Defendant Jerry Ramsey. All acts and/or omissions occurred in Chelan County, Washington and are imputed to the marital community.

1.4.    All acts and/or omissions complained of occurred in Chelan County, Washington.

1.5.    Jurisdiction and venue are proper in this Court.

## II.    FACTS

2.1.    Marra was hired as KW3 Morning Show Co-Host, KYSP Program Director, KPQ FM mid-day tracker and Digital Director at its Wenatchee office pursuant to a letter written to Marra from Defendant dated August 31, 2016, with an effective starting date of September 19, 2016.

2.2.    Marra's on-air personality name is "Nikki Darling."

2.3.    Marra's position changed to Announcer with her job allocation 50% at KW3 and 50% at The Bridge on effective January 15, 2017. Marra was still allocated to Program Director for KYSP at this time as well, with 50% allocation to KW3. When Marra was hired, Marra was allocated as KW3 Morning Show, KYSP Program Director, Tracking Talent for The Quake and Digital Director.

2.4.    On December 27, 2017, Marra's position changed to full-time programming with an allocation of her time as 33% for KW3, 33% for The Bridge and 33% for 1340 AM station (KYSP).

2.5.    Throughout Marra's employment with Defendant, Marra was treated differently than the male employees, examples of which will be described below. *See e.g., Arizona ex rel. Horne v. Geo Grp., Inc.* 816 F.3d 1189, 2107 (9th Cir. 2016) *cert. denied sub nom. Geo Grp., Inc. v. EEOC* 137 S.Ct. 623, 196 L.Ed. 2d 515 (2017)(While each incident alleged by a plaintiff "may

VERIFIED COMPLAINT - 2
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx



**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

not in itself be sufficient to support a hostile work environment claim, their cumulative effect [may be] sufficient to raise material issues of fact as to whether the conduct was so severe or pervasive to alter the conditions of the workplace.")

2.6.    For example, Marra was given the title of "Assistant Program Director" of The Bridge, along with a pay increase, on October 24, 2018, even though Marra was previously informed that there is no such position of "Assistant Program Director." Jerry Ramsey was the third Operations Manager hired during Marra's time at Cherry Creek Media and was Marra's direct supervisor. When Ramsey was hired, Mr. Elliot decided that he wanted to hand over the Programming of The Bridge. Marra was told repeatedly that she was going to be given the Program Director position for The Bridge. However, Mr. Elliot would only allow Marra the title of Assistant Program Director, even though there isn't another Assistant Program Director in the entire company. Marra was aware of that since previously John Connor had asked for Marra to be the Assistant Program Director of KW3 in the past, and was told no as that Assistant Program Director position didn't exist within Cherry Creek Media.

2.7.    Technically Mr. Ramsey had the Program Director title for The Bridge and Marra was Assistant Program Director. However, Marra was doing the work of the Program Director, without the title or the compensation.

2.8.    By way of another example, in 2016, Marra initially titled her mid-day show on The Quake "The Struggle Bus with Nikki Darling." Marra was informed by Defendant's Corporate Program Manager, Mark Elliott, that the Defendant did not give names to day parted shows, and Marra was instructed to stop using the name immediately. During the same timeframe, Mr. Hunter Lamb, who is the on-air DJ at night on The Quake was allowed to continue to call his show "The Night Train with Hunter Lamb."

VERIFIED COMPLAINT  - 3
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.9.    By way of another example, Marra developed a daily segment on the mid-day show on The Quake called "Dumbass of The Day." Marra would post it on Facebook and talk about it on the air. Marra was directed by Mark Elliott that Defendant did not do segments of that nature anymore and Marra was to directed to stop that daily segment. Shortly after, on a conference call with other Program Directors with Defendant's representatives it was revealed that another male on-air DJ in another Cherry Creek Market was doing the same exact segment on one of his shows. Furthermore, in 2019 when the then Operations Manager, Mr. Robb Reel, was hired and took over the mid-day slot on The Quake he started a segment called "The Daily Dumbass" which he was allowed to do, but Marra was not.

2.10.    By way of another example, while Marra was doing mid-days on The Quake Marra would use sexual innuendo as part of the humor. The Quake's demographic is males 50-65 years of age. Marra was told by many of her listeners that they liked the sexual innuendo. Defendant took adverse disciplinary action against Mara for the sexual innuendo. Meanwhile, Uncle Dave (Mr. Dave Keefer), the morning DJ on The Quake was regularly celebrated for having content and radio promotions purposely full of sexual innuendo, including: "How Long Is Uncle Dave's Pepperoni?"; "Win Uncle Dave's Nuts"; "Win Uncle Dave's Buns"; "Best Celebrity Pair (accompanied by a picture of two women prominently showing their breasts)" and others.   Dave Keefer, a male, was free to utilize sexual innuendo and Marra was instructed against using sexual innuendo.

2.11.    By way of another example, Chuck Geiger was the Operations Manager when Marra first started working for Cherry Creek Media. Chuck Geiger warned/informed Marra that Marra was "lucky" "as a woman" to even be "allowed *on* the radio at all." Chuck Geiger

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

warned/informed Marra that when he first started radio "women" were "only flowerpots" in the "corner of the room."

2.12.    By way of another example, Mr. Jerry Ramsey was the third Operations Manager hired during Marra's time at Cherry Creek Media and was Marra's direct supervisor. Mr. Ramsey openly admitted he had a drinking problem and was a self-admitted unmedicated diagnosed bipolar. Mr. Ramsey began sexually harassing Marra including creating a controlling, manipulative and intimidating work environment for Marra. The sexual harassment began in the Spring of 2018 and lasted through July 2018.  Examples of Mr. Ramsey's sexual harassment included statements to Marra, "If I can't have you, no one can" "We are meant to be together, you will see" "If you don't give in and be with me I am going to get you fired."

2.13.    Mr. Ramsey's control and intimidation of Marra included Ramsey's direction to Marra to require Marra tell Laura Gooch, the Defendant's Director of Sales, that Mr. Ramsey and Marra were in a relationship and that Marra loved him.  If Marra didn't do that, Mr. Ramsey would have Marra fired.  Mr. Ramsey's control and intimidation of Marra was such that Marra did tell Laura Gooch these things out of fear of Mr. Ramsey's threats and his power and control over her.  Sexual harassment is often about power and Mr. Ramsey effectively excised that power over Marra as evidenced by Mr. Ramsey directing Marra to make such statements to Laura Gooch.

2.14.    Another example of Mr. Ramsey's sexual harassment occurred during a work sexual harassment training in which Mr. Ramsey texted Marra threatening not to say anything about his behavior or he would make sure she would be fired.

2.15.    On or about June, 2018, Marra reported Mr. Ramsey to Defendant's Human Resource department representative at the time Christy Kusar and to Defendant's General Manager at the time Kevin Andrus.

VERIFIED COMPLAINT - 5
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx



**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.16.   Following the report, Marra discovered that Mr. Ramsey was following Marra places outside of work. Mr. Ramsey stole Marra's cell phone. Marra did a "find my phone" search, went to the address and Mr. Ramsey answered the door. Mr. Ramsey denied having the phone. In approximately June 2018 Marra reported this incident to management of Defendant. Management informed Marra they intended to terminate Mr. Ramsey.  Also, Marra continued to report any incidents with Mr. Ramsey, including a report from "Find My Phone" after Marra lost her cell phone.

2.17.   On the morning of Mr. Ramsey's last day of active employment with Defendant, Defendant advised Marra to stay home until 10am. When Marra came in she was told that Mr. Ramsey came in for his normal morning radio shift, saw that Marra wasn't there, stormed through the offices looking for Marra, and then stormed out. Mr. Ramsey left that morning without having a meeting with management. Ramsey later resigned via a formal letter to management before he could be fired for job abandonment, which would happen after 3 days of no-call, no show pursuant to Defendant's policies.

2.18.   Following Ramsey's resignation, Mr. Ramsey continued to live in Wenatchee for an additional four (4) months.  During that time, Mr. Ramsey continued to threaten, call and stalk Marra. Marra again reported Mr. Ramsey's conduct to Defendant's GM and HR and Marra was informed Defendant would take no action.

2.19.   By way of another example, when Mr. Ramsey left Defendant's employ it once again left the Operations Manager position open. Several people encouraged Marra to internally apply, so she did. Marra was told her formal interview would be held off because they were "editing the job description" for the position.

VERIFIED COMPLAINT  - 6
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.20.    Marra asked for a copy of the original job description and was denied access. Once edited, Marra was given a copy of the new job description. Marra gave them an updated resume, and was given a formal "interview."    During the interview Marra was asked questions in a patronizing tone.  During the interview, Mark Elliott asked Marra about Marra's relationship with Uncle Dave (Dave Keefer).  He asked, "how would *you* manage being a supervisor to Uncle Dave?  Do you think he would take you seriously?"  The clear implication of the question was due to Marra's gender.  After Marra provided what she thought was a positive and upbeat answer to the questions about Dave Keefer, there were a few seconds of silence.  The interview ended abruptly thereafter and Marra could tell by the body language, statements and reaction of the interviewers that she would not get the position because as a woman, she would not be taken seriously.

2.21.    Marra did not get the Operations Manager position Marra applied for. They instead hired a male Michael Cross, who moved almost across the country for the position, shortly after Kevin Andreas, the GM, "resigned" his position at Cherry Creek

2.22.    By way of another example, when Mr. Cross was hired Marra was told that Mr. Cross was a "rock guy" and they needed to find a place for him on the air. It was known from Eastland ratings that Marra's mid-day ratings on The Quake were better than any other daypart's, including Uncle Dave in the morning.  Marra was the only female voice on the station.

2.23.    Still, Marra was taken off of the station to make way for Mr. Cross, a male. Marra was forced to go to mid-days on The Bridge, which is only heard in the Wenatchee Valley, in comparison to The Quake's 50,000 watt frequency range all over the state.

2.24.    By way of another example, Marra was eventually given the title of Program Director for The Bridge. Since Wenatchee is a small market for radio, it only subscribes to

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

Eastland ratings one time a year, from about March-June. When the ratings were released in August 2019 The Bridge's ratings were not good.

2.25.    Immediate steps were taken, including taking responsibilities away from Marra. However, many of the changes on The Bridge that they were attributing to the bad ratings were the result of decisions made by Mr. Ramsey when he was the Program Director. In short, Marra was being punished for Mr. Ramsey's work. The responsibilities never returned to Marra through the time she was terminated even though Marra made several attempts to work with management to meet their expectations and be returned the responsibilities.

2.26.    By way of another example, ever since the inception of The Breakfast Burrito in 2016 (on KW3) conversations took place that the on-air dynamic was meant to be equal between John Connor and Marra. No one was the "host" and "co-host." Both people hosted equally. It wasn't until Marra had several conversations with Robb Reel,  Operations Manager, that it was brought to Marra's attention that the show was not, in fact, equal and that Mr. Connor had more of a dominant role on the show. The Wednesday before Marra was involuntarily terminated by Defendant, Robb Reel and Marra had a conversation outside of the studios. Marra once again brought up her frustration with Mark Elliott not taking her seriously. In that conversation Robb Reel admitted that it was tougher for Marra there because Marra was the only woman manager in the programming department, and that Mark Elliott does perceive Marra differently than "the guys" because Marra is a woman and Mark Elliott has "the old boys club mentality of the radio industry." *See e.g, Payne v. Children's Home Society,*  77 Wn.App. 507, 511-13, 892 P.2d 1102 (Div. III 1995) *rev. den'd,*  127 Wn.2d 1012 (1995)(Conduct need not be "sexual in nature" or "involve sexual advances, innuendo, or physical conduct" to constitute sexual harassment where a person is targeted for hostile and abusive treatment because she is a woman).

VERIFIED COMPLAINT - 8
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.27.   By way of another example, Marra was working in a production studio. Connor came to see Marra and sat down to talk to Marra about an upcoming promotion they were going to do on KW3 (specifically for a client that advertises on The Breakfast Burrito). Marra had come up with an idea the day before for the promotion that Mr. Connor then pitched as his own.

2.28.   Laura Gooch, Director of Sales at the time, decided that the idea was too "involved" and wanted to make it simpler. Connor told Marra the idea that he pitched. The idea was not specific to The Breakfast Burrito, nor did it benefit the station at all. Marra told him her opinion. Marra and Mr. Connor went back and forth, Mr. Connor was upset that Marra didn't approve of his idea, got upset, threatened to get Laura Gooch involved.

2.29.   Marra indicated to Mr. Connor that Laura Gooch already knew that Marra felt that clients shouldn't determine our on-air content and there was no need to get her involved, but ultimately, he was the Program Director for KW3 and it was his decision. He said, "Yes, I am, and don't you forget it" and stormed out of the production studio.

2.30.   After Marra's work in the studio was done, Marra went to Mr. Connor's office to talk and closed the door so it was private. They continued the conversation and Mr. Connor continued to get more and more angry.

2.31.   At that point Marra was standing in front of the door, because the office is small, and that was the only logical place to stand. Mr. Connor kept saying that he wanted to go take it to Laura Gooch, and Marra continued to repeat that she did not want to do that.

2.32.   At that moment, Laura Gooch happened to pass by Mr. Connor's office. Mr. Connor then proceeded to slam the door open into Marra, hitting Marra hard, and storming out to talk to Laura Gooch.

VERIFIED COMPLAINT - 9
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.33.    At that point Marra was standing in the doorway to Mr. Connor's office holding her arm and shoulder where the door hit her. Laura Gooch asked what was going on.  Mr. Connor started to answer her and Laura Gooch said, "Let's take this into my office."  Marra responded, "No. I would prefer that Mr. Connor and I handle this on our own." She looked shocked. They were located in what is called the "sales pit" where the sales executives work and they could see all of this.

2.34.    When Marra saw her face Marra immediately recanted and started to walk to Laura Gooch's office. In Laura Gooch's office with the door closed she told Marra, "Nikki you know you can't do that in the sales pit." Marra wasn't sure what she meant. Mr. Connor was the one that stormed out and was actually causing a scene.

2.35.    Laura Gooch asked if Marra and Mr. Connor wanted to talk about it. Marra said, "Yes I want to talk about it, but I need a minute to walk outside first and cool down." She said, "well we're going to talk about it. You can either talk about it or go cool down." Marra said, "I think I should go and cool down." Marra then went outside.

2.36.    When Marra came back in, Mr. Connor and Laura Gooch were in the HR office communicating. Marra later emailed Laura Gooch and asked if they could talk (about this conduct of Mr. Connor described above).  Laura Gooch wrote back and said, "Not today, let's chat tomorrow."

2.37.    About an hour later Laura Gooch came into Marra's office and said, "We're going to need you to go home. You're off the show tomorrow. Please come in for a meeting at 10am."

2.38.    Defendant refused to provide Mara an opportunity to tell her side of the story involving Mr. Connor's conduct described above before terminating her employment.

VERIFIED COMPLAINT  - 10
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

2.39.    Immediately when Marra arrived home that day, Marra received an alert that Marra lost access to work email, work software, and access to all of the Cherry Creek Media Facebook pages had been revoked.  At that time, Marra had not been told that she was fired.

2.40.    Marra wrote an email (from her Gmail account) to Laura Gooch explaining Marra's viewpoint as to what has transpired and asking Laura to allow Marra to discuss Marra's side of things and to remind her of all of the extra work Marra has done for the company. Marra did not receive a response email, was never allowed to explain her side of the incident with Mr. Connor and the Defendant simply chose to believe the male, Mr. Connor's version of the events, without even hearing or considering Marra's side of what occurred.

2.41.    The next morning, June 11, 2020, Marra was fired.

### III.    RESPONDEAT SUPERIOR

3.1.    Marra restates and realleges all prior paragraphs.

3.2.    At the time of the incidents referred to above, Defendant Ramsey was an employee and/or acting on behalf of Defendant CCR in an employment relationship and was the direct supervisor of Marra.

3.3.    Under the doctrine of Respondeat Superior and applicable law, Defendant CCR is liable for conduct by Defendant Ramsey in violation of RCW 49.60. *See e.g., Glasgo v. Georgia Pacific Corp.,* 103 Wn.2d 401, 407, 693 P.2d 708 (1985)(harassment by a manager is automatically imputed to the employer); *See also, Thompson v. Berta Enterprises,* 72 Wn.App. 531, 537-39, 864 P.2d 983 (Div. I, 1994)(Strict liability requires the employer, who has "the power to hire and fire supervisory personnel, to be responsible for insuring that those they cloak with apparent authority to affect terms and conditions of their employee's [sic] jobs do not abuse that authority.").



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

3.4.    As a result of the conduct of Defendant Ramsey as described above, Plaintiff suffered emotional trauma and other damages, past, present and future, all in amounts to be proven at the time of trial.

3.5.    Defendant CCR, as the employer of Defendant Ramsey is liable for the conduct of Defendant Ramsey as described above and for all damages incurred by Plaintiff in amounts to be proven at the time of trial. *See e.g., Brown v. Scott Paper,* 143 Wn.2d 349, 361, 20 P.3d 921 (2001)(Under Washington's Law Against Discrimination, "individual supervisors, along with their employers, may be held liable for their discriminatory acts.").

## IV.    FIRST CAUSE OF ACTION: WRONGFUL

## DISCHARGE/SEX DISCRIMINATION

4.1    Marra restates and realleges all prior paragraphs.

4.2    The fact that Marra is female was a substantial factor in her termination

4.3    Marra has statutory rights to be free from discrimination as outlined in RCW 49.60. Washington has a clear mandate of public policy against sex discrimination based on state statutes.

4.4    Defendants' treatment and termination of Marra constitutes gender discrimination.

4.5    As a proximate result of Defendants' conduct, Marra has suffered damages in an amount to be proven at trial.

## V.    SECOND CAUSE OF ACTION: VIOLATION OF RCW 49.60

## UNLAWFUL RETAILIATION FOR REPORTING SEXUAL HARASSMENT

5.1.    Marra restates and realleges all prior paragraphs.

VERIFIED COMPLAINT - 12
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

5.2.    Marra opposed CCR's representative's conduct that was in violation of RCW 49.60.

5.3.    CCR retaliated against Marra in response to her reporting and opposition of CCR's representative's conduct.

5.4.    CCR's response violated RCW 49.60.

5.5.    As proximate result of CCR's violation of RCW 49.60, Marra has suffered damages in an amount to be proven at trial.

## VI.    THIRD CAUSE OF ACTION: NEGLIGENCE

## NEGLIGENT SUPERVISION, NEGLIGENT RETENTION AND NEGLIGENT

## INFLICTION OF EMOTIONAL DISTRESS

6.1.    Marra restates and realleges all prior paragraphs.

6.2.    CCR knew or should have known of the continued risk of danger that Defendant Ramsey constituted and caused Marra.

6.3.    CCR knew or should have known that during Marra's employment, Defendant Ramsey was unfit for his position and likely to cause harm.

6.4.    CCR breached its duty to protect Marra from foreseeable harm from Defendant Ramsey and to maintain a safe work environment.

6.5.    CCR failed to exercise ordinary care in its supervision of Defendant Ramsey.

6.6.    CCR failed to refrain from threatening, intimidating, or retaliating against Marra for opposing the hostile, intimidating, and abusive environment.

6.7.    CCR tolerated, ratified, and condoned the unlawful behavior, and failed to take prompt and effective corrective action upon having knowledge of Defendant Ramsey's illegal conduct.



**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

6.8.    CCR knew or should have known that its conduct continued to violate Marra's rights.

6.9.    CCR knew or should have known that its conduct and that of Defendant Ramsey would proximately cause severe emotional or physical distress to Marra.

6.10.    As proximate result of Defendants' conduct, Marra has suffered damages in an amount to be proven before or at the time of trial.

## VII.    PRAYER FOR RELIEF

Marra requests relief as follows:

A.    Past and future lost wages and benefits, and penalties for lost wages and benefits, including interest, in an amount to be proven at trial;

B.    All other past and future special and general damages in an amount to be proven at trial;

C.    Reasonable attorneys' fees and costs of this action; and

D.    Such other and further relief as the Court may deem just and equitable.

Dated this ___ of _____, 2021.

LACY KANE & KUBE, P.S.

PAUL S. KUBE. WSBA #24336
Attorneys for Plaintiff

VERIFIED COMPLAINT - 14
c3 Z:\MARRA-N.EMP\PLEADINGS\Complaint 04 22 21-FINAL docx

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX (509) 884-1805

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFICATION OF PLAINTIFF


    I am the Plaintiff in the above-captioned matter, have read the foregoing Complaint, know the contents thereof and believe the same to be true.


                                    _____
                                    NICOLE MARRA


VERIFIED COMPLAINT  - 15
c3:Z:\MARRA-N.EMP\PLEADINGS\Complaint 04.22.21-FINAL.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

# EXHIBIT 2

FILED

MAY 0 4 2021

Kim Morrison
Chelan County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CHELAN

NICOLE MARRA,

      Plaintiff,

v.

CCR-WENATCHEE III, LLC, a foreign
limited liability company; GERALD "JERRY"
RAMSEY and JANE DOE RAMSEY, a
married couple,

      Defendants.

No. 21 - 2 - 0 0 2 3 9 - 04

SUMMONS

TO:   DEFENDANT

    A lawsuit has been started against you in the above-entitled court by the above-named

plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you

with this Summons.

    In order to defend against this lawsuit, you must respond to the Complaint by stating your

defense, in writing, and serve a copy upon the undersigned attorney for the plaintiff(s) within

twenty (20) days after the service of this Summons (or if served upon you outside the state of

Washington, within 60 days after service), excluding the day of service, or a default judgment may

SUMMONS - (PAGE 1 OF 2)
c3\Z.\MARRA-N EMP\PLEADINGS\SUMMONS.DOCX



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-1805

be entered against you without notice. A default judgment is one where plaintiff(s) is(are) entitled

to what he/she/they ask(s) for because you have not responded. If you serve a notice of appearance

on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so

that your written response, if any, may be served on time.

You may demand that the plaintiff(s) file this lawsuit with the court. If you do so, the

demand must be in writing and must be served upon the person signing this Summons. Within

fourteen (14) days after you serve the demand, the plaintiff(s) must file this lawsuit with the court

or the service on you of this Summons and Complaint will be void.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the state

of Washington.

DATED this _____ day of _____, 2021.

LACY KANE & KUBE, P.S.

By: _____
PAUL S. KUBE, WSBA #24336
Attorneys for Plaintiff

SUMMONS - (PAGE 2 OF 2)
c3\Z:\MARRA-N.EMP\PLEADINGS\SUMMONS.DOCX



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-4805

# EXHIBIT 3



FEE PAID
$ 240.00

FILED
ER1
MAY 0 4 2021
Kim Morrison
Chelan County Clerk

21-2-00239-04

KMF

**CIVIL**
CHELAN    **COUNTY SUPERIOR COURT**
Case Information Cover Sheet (CICS)

**Case Number** _____    **Case Title** <u>MARRA V. CCR-WENATCHEE III, LLC, ET AL</u>

**Attorney Name** <u>Paul S. Kube</u>    **Bar Membership Number** <u>24336</u>

Please check one category that best describes this case for indexing purposes.  Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on the back of this form.  Thank you for your cooperation.

| | | |
|---|---|---|
| ☐ ABJ | Abstract of Judgment | |
| ☐ ALR | Administrative Law Review | |
| ☐ ALRJT | Administrative Law Review-Jury Trial (L&I) | |
| ☐ CRP | Petition for Certificate of Restoration of Opportunity | |
| ☐ CHN | Non-Confidential Change of Name | |
| ☐ COL | Collection | |
| ☐ CON | Condemnation | |
| ☐ COM | Commercial | |
| ☐ DOL | Appeal Licensing Revocation | |
| ☐ DVP | Domestic Violence | |
| ☐ EOM | Emancipation of Minor | |
| ☐ FJU | Foreign Judgment | |
| ☐ FOR | Foreclosure | |
| ☐ FPO | Foreign Protection Order | |
| ☐ HAR | Unlawful Harassment | |
| ☐ INJ | Injunction | |
| ☐ INT | Interpleader | |
| ☐ LCA | Lower Court Appeal – Civil | |
| ☐ LCI | Lower Court Appeal – Infractions | |
| ☐ LUPA | Land Use Petition Act | |
| ☐ MAL | Other Malpractice | |
| ☐ MED | Medical Malpractice | |
| ☐ MHA | Malicious Harassment | |
| X MSC2 | Miscellaneous – Civil | |
| ☐ MST2 | Minor Settlement – Civil  (No Guardianship) | |
| ☐ PCC | Petition for Civil Commitment (Sexual Predator) | |
| ☐ PFA | Property Fairness Act | |
| ☐ PIN | Personal Injury | |
| ☐ PRA | Public Records Act | |

| | | |
|---|---|---|
| ☐ PRG | Property Damage – Gangs | |
| ☐ PRP | Property Damages | |
| ☐ QTI | Quiet Title | |
| ☐ RDR | Relief from Duty to Register | |
| ☐ RFR | Restoration of Firearm Rights | |
| ☐ SDR | School District-Required Action Plan | |
| ☐ SPC | Seizure of Property-Commission of Crime | |
| ☐ SPR | Seizure of Property-Resulting from Crime | |
| ☐ STK | Stalking Petition | |
| ☐ SXP | Sexual Assault Protection | |
| ☐ TAX | Employment Security Tax Warrant | |
| ☐ TAX | L & I Tax Warrant | |
| ☐ TAX | Licensing Tax Warrant | |
| ☐ TAX | Revenue Tax Warrant | |
| ☐ TMV | Tort – Motor Vehicle | |
| ☐ TRJ | Transcript of Judgment | |
| ☐ TTO | Tort – Other | |
| ☐ TXF | Tax Foreclosure | |
| ☐ UND | Unlawful Detainer – Commercial | |
| ☐ UND | Unlawful Detainer – Residential | |
| ☐ VAP | Vulnerable Adult Protection Order | |
| ☐ VVT | Victims of Motor Vehicle Theft-Civil Action | |
| ☐ WDE | Wrongful Death | |
| ☐ WHC | Writ of Habeas Corpus | |
| ☐ WMW | Miscellaneous Writs | |
| ☐ WRM | Writ of Mandamus | |
| ☐ WRR | Writ of Restitution | |
| ☐ WRV | Writ of Review | |
| ☐ XRP | Extreme Risk Protection Order | |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**
_____

***Please Note:  Public information in court files and pleadings may be posted on a public Web site.***

# EXHIBIT 4

1

2

3

4

5

6

7

8          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

9              IN AND FOR THE COUNTY OF CHELAN

10

| | |
|---|---|
| 11   NICOLE MARRA, | No.  21-2-00239-04 |
| 12           Plaintiff, | |
| 13   v. | ACCEPTANCE OF SERVICE OF VERIFIED COMPLAINT |
| 14   CCR-WENATCHEE III, LLC, a foreign limited liability company; GERALD "JERRY" | |
| 15   RAMSEY and JANE DOE RAMSEY, a married couple, | |
| 16           Defendants. | |

17

18          COMES NOW THE DEFENDANT, CCR-WENATCHEE III, LLC, a Washington limited

19   liability company, by and through its attorney, Kellie Tabor, who hereby certifies that:

20          1)  I am counsel for Defendant CCR-Wenatchee III, LLC.

21          2)  I have the authority of Defendant to accept service of process of the Verified

22   Complaint and waive any and all objections to validity or sufficiency of service of process on

23   behalf of Defendant.

ACCEPTANCE OF SERVICE OF VERIFIED
COMPLAINT - (PAGE 1 OF 3)
c3\Z:\MARRA-N.EMP\PLEADINGS\AOS.DOCX

LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-4805

1

2    3)  My signature below constitutes a waiver of service of process and a certification

3    that Defendant will not interpose any objection or defense based on lack of service or

4    insufficiency or inadequacy of service.

5        SIGNED this  14th  day of ___May_____, 2021.

6

7                    LITTLER MENDELSON, P.C.

8

9

10                   _____

11                   KELLIE A. TABOR, WSBA No. 46260
                     Attorneys for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

ACCEPTANCE OF SERVICE OF VERIFIED
COMPLAINT - (PAGE 2 OF 3)
c3\Z:\MARRA-N.EMP\PLEADINGS\AOS.DOCX



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-4805

1

2

**CERTIFICATE OF SERVICE**

3

   I hereby declare under the penalty of perjury under the laws of the state of Washington that I have served a true and correct copy of the foregoing upon the individual(s) listed by the following means:

4

5

| **Counsel for Defendant:** | [ ] U.S. Postal Service (First Class) |
| | [ ] Facsimile |
| Kellie A. Tabor | [ ] _____ Express Mail |
| Littler Mendelson, P.C. | [ ] Hand Delivery |
| One Union Square | [ ] Via Legal Messenger |
| 600 University Street, Suite 3200 | [X] E-Mail |
| Seattle, WA 98101-3122 | [ ] E-Filed |
| ktabor@littler.com | |
| | |

6

7

8

9

10

11

   DATED: ___05/14/21___    By: ___s/Lisa D. Russell___

12

   Name: Lisa D. Russell, Paralegal

13

14

15

16

17

18

19

20

21

22

23

ACCEPTANCE OF SERVICE OF VERIFIED
COMPLAINT - (PAGE 3 OF 3)
c3\Z:\MARRA-N.EMP\PLEADINGS\AOS.DOCX



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-4805

# EXHIBIT 5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CHELAN

| | |
|---|---|
| NICOLE MARRA,<br><br>               Plaintiff,<br><br>vs.<br><br>CCR-WENATCHEE III, LLC, a foreign<br>limited liability company; GERALD<br>"JERRY" RAMSEY and JANE DOE<br>RAMSEY, a married couple,<br><br>               Defendants. | No. 21-2-00239-04<br><br>**NOTICE OF APPEARANCE** |

TO:          Clerk of the Court

AND TO:     Nicole Marra, Plaintiff

AND TO:     Paul S. Kube, Plaintiff's Attorney of Record

PLEASE TAKE NOTICE that Defendant CCR-WENATCHEE III, LLC, without waiving any defense of lack of jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process, hereby enters its appearance in the above-entitled action by and through the undersigned attorneys and requests that notice of all further proceedings in said action, except original process, be served upon the undersigned at the address stated below:

Kellie A. Tabor, WSBA #46260<br>
ktabor@littler.com<br>
Breanne F. Lynch, WSBA #55242<br>
blynch@littler.com<br>
Littler Mendelson, P.C.<br>
One Union Square<br>
600 University Street, Suite 3200

NOTICE OF APPEARANCE - 1

1

2

Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965

3

4

Dated: May 17, 2021

5

/s/ Kellie A. Tabor

6

Kellie A. Tabor, WSBA #46260
ktabor@littler.com
Breanne F. Lynch, WSBA #55242

7

blynch@littler.com
LITTLER MENDELSON, P.C.

8

One Union Square
600 University Street, Suite 3200

9

Seattle, WA 98101.3122
Phone:        206.623.3300

10

Fax:            206.447.6965

11

Attorneys for Defendant
CCR-WENATCHEE III, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2

**CERTIFICATE OF SERVICE**

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on May 17, 2021, I electronically filed the foregoing **NOTICE OF APPEARANCE** with the Clerk of the Court using the e-filing system. I further caused to be served the same documents to the following via the method indicated below:

Attorney for Plaintiff

Paul S. Kube, WSBA #24336
Lacy Kane & Kube
300 Eastmont Ave
East Wenatchee, WA 98802
Tel: (509) 884-9541
Fax: (509) 884-4805
paul@lacykane.com

[   ] Via Facsimile

[ X ] Via U.S. Mail

[   ] Via E-mail

[   ] Via Hand Delivery

I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on May 17, 2021, at Seattle, Washington.

*/s/ Karen Fiumano Yun*
Karen Fiumano Yun
kfiumano@littler.com
LITTLER MENDELSON, P.C.

4834-6200-6761.1 / 057299-1015

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300